Leila Nourani (SBN 146922)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile:  (213) 689-0430
*Leila.Nourani@jacksonlewis.com*

Stephanie Joy M. Tanada (SBN 257769)
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, California 92618
Telephone:   (949) 885-1360
Facsimile:    (949) 885-1380
*Stephanie.Tanada@jacksonlewis.com*

Attorneys for Defendant
RENAL TREATMENT CENTERS – CALIFORNIA, INC.
(erroneously sued and served herein as DAVITA, INC.)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BERTUMEN,<br><br>        Plaintiff,<br><br>    vs.<br><br>DAVITA INC.; AND DOES 1-100, INCLUSIVE,<br><br>        Defendant(s). | CASE NO.: 5:22-cv-505<br><br>[Riverside County Superior Court Case No. CVRI2200594]<br><br>**DEFENDANT RENAL TREATMENT CENTERS – CALIFORNIA, INC.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY)**<br><br>*[Filed concurrently with the Civil Cover Sheet; Declarations in Support of Removal; Corporate Disclosure Statement; Notice of Interested Parties; and Notice of Related Cases]*<br><br>Complaint Filed:   February 10, 2022<br>Trial Date:          Not Set |

DEFENDANT'S NOTICE OF
REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION, AND TO PLAINTIFF PAUL BERTUMEN AND HIS ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Defendant RENAL TREATMENT CENTERS – CALIFORNIA, INC. (erroneously sued and served herein as DAVITA, INC.) ("Renal Treatment Centers" or "Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441 to remove this action from the Superior Court of California, in and for the County of Riverside, on the grounds of diversity jurisdiction. In support thereof, Defendant asserts the following:

<u>**DIVERSITY JURISDICTION**</u>

1.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1441. This case may be removed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

<u>**TIMELINESS OF REMOVAL**</u>

2.      On February 10, 2022, Plaintiff PAUL BERTUMEN ("Plaintiff") filed a civil Complaint against the named Defendant in the Superior Court of the State of California, in and for the County of Riverside, entitled *Paul Bertumen v. DaVita Inc.; and Does 1 through 100, inclusive*, Case No. CVRI2200594. (Tañada Decl. ¶ 3.) True and correct copies of the Complaint and Summons are collectively attached as **Exhibit A**, accompanying the Declaration of Stephanie J. Tañada in Support of this Removal.

3.      In the Complaint, Plaintiff alleges the following causes of action: (1) National Origin Harassment, Discrimination, and Retaliation in Violation of FEHA; (2) Violations of California Labor Code sections 232.5, 6310, 6311, and 6400, et seq. [Unsafe Workplace/Violence]; (3) Violations California Labor Code section 1102.5, et seq. [Whistleblower Retaliation]; and (4) Retaliation and Wrongful Termination in Violation of Public Policy. (Tañada Decl., Exh. A.)

/ / /

4.     Plaintiff served Defendant Renal Treatment Centers with the Summons and Complaint on February 22, 2022, along with a Civil Cover Sheet, three notices of Case Management Conference, Notice of Department Assignment, Certificate of Counsel, and Alternative Dispute Resolution Information Package. (Tañada Decl., ¶¶ 4-8.) True and correct copies of these documents are attached to the accompanying Declaration of Stephanie J. Tañada as **Exhibits B, C, D, E,** and **F**, respectively.

5.     On March 18, 2022, Defendant filed an Answer to the Complaint in the Superior Court of the State of California, County of Riverside, asserting a general denial as permitted by California Code of Civil Procedure section 431.30(d) and asserting various affirmative defenses on behalf of Defendant Renal Treatment Centers. (Tañada Decl., ¶ 9.) A true and correct copy of the Answer is attached to the accompanying Declaration of Stephanie J. Tañada as **Exhibit G**.

6.     As of the date of this Notice of Removal, Exhibits "A" through "G" attached to the accompanying Declaration of Stephanie J. Tañada constitute all of the pleadings and papers received and/or filed by Defendant, and/or currently on file, in this matter, and no further proceedings have occurred in the state court. (Tañada Decl., ¶ 10.)

7.     This Notice of Removal has been filed within thirty (30) days after Defendant Renal Treatment Centers was served with a copy of Plaintiff's Summons and Complaint upon which this action is based. *See Murphy Bros., Inc. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353 (1999) (actual service of process is the official trigger for responsive action by a named defendant as opposed to receipt of complaint through other means). This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

## <u>NOTICE TO ALL PARTIES AND STATE COURT</u>

8.     In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk and the Riverside County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

/ / /

DEFENDANT'S NOTICE OF REMOVAL

## VENUE

9.     Venue of this action lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1441 et seq. and 28 U.S.C. § 1391(b)(1) as this is the judicial district in which Plaintiff alleges the action arose and where, based on information and belief, Plaintiff resides.

## DIVERSITY OF CITIZENSHIP

10.     Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *Grupo Dataflux v. Atlas Global Group, LP* (2004) 541 U.S. 567, 571. As shown below, there is complete diversity of citizenship because this is an action between Plaintiff, a citizen of California, and Defendant, as well as erroneously named Defendant DaVita Inc., citizens of Delaware and Colorado respectively.

11.     To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1090. Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.* (9th Cir. 2001) 265 F.3d 853, 857.

12.     Defendant is informed and believes that Plaintiff was, at the time this action was commenced, and still is, a resident and citizen of the State of California. (See Complaint ¶ 1, attached as Exhibit A to Tañada Decl. at ¶ 3; see also Declaration of Makisha Alexander ("Alexander Decl."), ¶ 2.)

13.     The citizenship of a corporation is the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c). With respect to ascertaining a corporation's principal place of business for purposes of diversity jurisdiction, the United States Supreme Court has adopted the "nerve center test." *Hertz v. Friend* (2010) 130 S. Ct. 1181, 1186. Under the nerve center test, a corporation's principal place of business is where a corporation's high level officers direct, control and coordinate the corporation's activities. *Id.* A corporation can only have one "nerve center." *Id.* at 93-94. In evaluating where a corporation's "nerve center" is located, courts will look to the

DEFENDANT'S NOTICE OF
REMOVAL

center of overall direction, control, and coordination of the company and will no longer weight corporate functions, assets, or revenues in each state. *Id*.

14.     Defendant RENAL TREATMENT CENTERS - CALIFORNIA, INC. (erroneously sued and served herein as DaVita, Inc.) was, at the time the Complaint was filed in state court, and still is, at the time of removal, a Delaware corporation with its principal place of business in Denver, Colorado. (Herod Decl., ¶ 2.)  Renal Treatment Center's headquarters are located in Denver, Colorado, where its high level officers direct, control and coordinate Defendant's activities. (*Id.*) The vast majority of administrative, executive and decision-making functions occur at, and are controlled from, headquarters in Denver, Colorado (*Id.*) Therefore, Defendant was, at the time the Complaint was filed in state court, and still is, a citizen of the state of Delaware and Colorado within the meaning of section 1332(c)(1).

15.     Erroneously sued and served DaVita Inc. was, at the time the Complaint was filed in state court, and still is, at the time of removal, a Delaware corporation with its principal place of business in Denver, Colorado. (Herod Decl., ¶ 3.)  DaVita Inc.'s headquarters are located in Denver, Colorado, where its high level officers direct, control and coordinate Defendant's activities. (*Id.*) The vast majority of administrative, executive and decision-making functions occur at, and are controlled from, the Company's headquarters in Denver, Colorado (*Id.*) Therefore, DaVita Inc. was, at the time the Complaint was filed in state court, and still is, a citizen of the state of Delaware and Colorado within the meaning of section 1332(c)(1).

16.     The presence of Doe defendants in this case has no bearing on the diversity with respect to removal. *See* 28 U.S.C. § 1441(b)(1) (for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded"). DOES 1 through 50 here are fictitious defendants, are not parties to this action and have not been named or served. They should accordingly be disregarded in determining the court's original jurisdiction over this matter.

/ / /

DEFENDANT'S NOTICE OF REMOVAL

## **AMOUNT IN CONTROVERSY**

17.    Without conceding that Plaintiff is entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000. 28 U.S.C. § 1332(a). The failure of the Complaint to specify the total amount of monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See* 28 U.S.C. § 1446(c)(2)(A) (allowing the Notice of Removal to assert the amount in controversy if the initial pleading seeks non-monetary relief or a money judgment and the State practice does not permit a demand for a specific sum and the District Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000.00); *White v. J.C. Penney Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim"). A defendant need only establish by a preponderance of the evidence that it is more probable than not that the plaintiff's claimed damages exceed the jurisdictional minimum. *See* 28 U.S.C. § 1446(c)(2)(B); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1997). Further, in determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. § 1332(a), a court may consider the aggregate value of claims for compensatory damages and attorney's fees. *See, e.g., Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amount); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fees can be considered in determining whether the jurisdictional amount is met").

18.    In determining whether the amount in controversy exceeds $75,000, the Court must presume that the plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes "plaintiff prevails on liability"), *citing also Angus v.*

DEFENDANT'S NOTICE OF REMOVAL

*Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002) (*citing Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969)).

19. The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute. *Galt v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). The Court may examine the nature of the action and the relief sought, and may take judicial notice of attorneys' fee awards in similar cases. *See, e.g., Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment discrimination cases often exceed damages).

20. Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F.Supp. 332 (S.D. Iowa 1994).

21. Here, Plaintiff seeks recovery in the form of: (1) general damages; (2) medical expenses and related items of expense; (3) loss of earnings; (4) loss of earning capacity; (5) attorneys' fees and costs pursuant to California Government Code section 12965(b); (6) attorneys' fees and costs pursuant to California Labor Code section 1102.5(b); (7) attorneys' fees and costs pursuant to California Code of Civil Procedure section 102.1.5; (8) attorneys' fees and costs pursuant to California Government Code section 12965(b) as specifically mentioned in *Harris v. City of Santa Monica,* Case No. S181004, Cal.Sup.Ct. 2/7/13; (9) prejudgment interest; and (10) punitive and exemplary damages. (Tañada Decl., Exh. A, Prayer for Relief ¶¶ 1-10.)

/ / /

/ / /

/ / /

22.    <u>Economic Damages</u>: Plaintiff alleges that he incurred loss of earnings and other employment benefits. (*Id.* at ¶¶ 12, 24, 27, 40, 43, 53, 56, and Prayer for Relief ¶ 3.) The Fair Employment and Housing Act provides for an award to successful plaintiffs of back pay from the time of the unlawful adverse action until the date of judgment. *Salas v. Sierra Chemical Co.*, 59 Cal.4th 407, 420 (2014); *Cloud v. Casey*, 76 Cal.App.4th 895, 909 (1999). Moreover, economic damages may also include an award of lost future earnings or "front pay," which is the salary and benefits a plaintiff would have earned from the terminated employment after the time of trial. *Smith v. Brown-Forman Distillers Corp.*, 196 Cal.App.3d 503, 518 (1983). Front pay is generally measured by the employee's projected earnings and benefits over the period of time until he or she is likely to become reemployed, less mitigation. *Toscano v. Greene Music*, 124 Cal.App.4th 685, 695-97 (2004). California decisions from the Fair Employment and Housing Commission provide for the recovery of future loss of earnings for one (1) or two (2) additional years. *Department of Fair Employment and Housing v. Centennial Bancorp*, FEHA Precedent Decision No. 87-03 (1987). Based on the Complaint and its prayer for relief, Defendant has a reasonable, good faith belief that Plaintiff seeks damages for lost wages in excess of the jurisdictional requirement of $75,000.00, notwithstanding the fact that the Complaint does not specify the dollar amount of special damages being sought, for the following reasons:

      a.    At the time Renal Treatment Centers ended Plaintiff's employment on or around August 12, 2020, At the time of his termination, Plaintiff averaged about 24.5 hours per week in earnings at $19.57/hour, or $479.47 per week. Multiplied by 52 weeks in a year, Plaintiff's annual earnings were approximately $24,932.18 at the time of his termination. (Alexander Decl., ¶ 2.) This does not include overtime, holiday time, or double time, which were all paid well in excess of Plaintiff's hourly $19.57 rate.

      b.    Based on the above monthly salary, and for the approximately 18 months between Plaintiff's August 12, 2020, employment separation and the date

of this Notice of Removal, Plaintiff's alleged back pay amounts to $37,398.27.

c.  Assuming Plaintiff takes this matter to trial and trial is set for 12 months from the date of this Notice of Removal, Plaintiff would accrue an additional year of back pay in the amount of $24,932.18 and when combined with Plaintiff's lost wages to date of $37,398.27, Plaintiff's total claim for back pay would amount to $62,330.45.

d.  Assuming Plaintiff also recovers front pay for 12 months, or $24,932.18, in addition to back pay, the amount in controversy on economic damages alone is approximately $87,626.63, and will exceed the jurisdictional requirement, not including any emotional distress damages or punitive damages.

23.  <u>Emotional Distress Damages</u>: With respect to his First through Fifth Causes of Action, Plaintiff seeks damages for emotional distress and mental pain and anguish in an unspecified amount. (*See* Tañada Decl., Exh. A, Complaint, at ¶¶ 14, 28, 44, 57 and Prayer for Relief ¶ 1). Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail, the emotional damages alone for Plaintiff could also exceed the $75,000.00 jurisdictional minimum. *See, e.g., See, e.g., Aguilar v. LA Metro BP Holding Co., LLC, et al.,* No. BC651278, 2018 WL 7286562 (Los Angeles Sup. Ct., Nov. 20, 2018) (jury awarded $265,000 in general damages for claims of discrimination, harassment, retaliation, failure to prevent harassment and discrimination, and wrongful termination); *Swinton v. Potomac Corp.*, 270 F.3d 794, 799 (9th Cir. 2001) (affirming award of $30,000 in emotional distress damages in employment discrimination case where back pay was only $5,612); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, No. BC484335, 2013 WL 7852947 (Los Angeles Sup. Ct., Oct. 25, 2012) (award of $1,250,000 for pain and suffering to employee for disability discrimination action); *Welch v. Ivy Hill Corp.,* No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct., Mar. 8, 2011) (award of $1,270,000 in pain and suffering to employee in a discrimination action); *Leimandt v. Mega RV Corp.,* No. 30-

2010-00388086, 2011 WL 2912831 (Orange County Sup. Ct., Feb. 4, 2011) (jury awarded $385,000 in pain and suffering to employee in a discrimination case); *Kell v. AutoZone Inc.,* No. 07A504375, 2010 WL 1347162 (Sacramento Sup. Ct., Jan. 21, 2010) (jury awarded $1,368,675 in damages for wrongful termination and retaliation claims); *see also Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (recognizing that "emotional distress damages in a successful employment discrimination case may be substantial"); *Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and retaliation cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . the plaintiff suffered heightened mental anguish"); *Gardenhire v. Housing Authority*, 85 Cal.App.4th 236, 237 (2000) (upholding emotional distress award of $1.3 million in a case alleging retaliation).

24. <u>Punitive Damages</u>: With respect to his First through Fifth Causes of Action, Plaintiff seeks to recover punitive damages. (Tañada Decl., Exh. A, Complaint, at ¶¶ 16, 30, 46, 59, and Prayer for Relief ¶ 10.) Although Defendant vigorously denies Plaintiff's allegations that he is entitled to any damages, if Plaintiff were to prevail, the punitive damages alone for Plaintiff could also exceed the $75,000.00 jurisdictional minimum. *Ponce v. Medical Eyeglass Ctr., Inc.,* 2015 U.S. Dist. LEXIS 98517, at *11-12 (C.D. Cal. July 27, 2015) (citing punitive damages awards in large amounts, including, $2,340,700, $200,000, and $40,000,000).

25. <u>Attorney's Fees</u>: Plaintiff also seeks to recover attorneys' fees. (Tañada Decl., Exh. A, Complaint, at Prayer for Relief ¶ 2.) Attorneys' fees are recoverable to the prevailing party under the Fair Employment and Housing Act. Cal Gov. Code § 12965(b). Plaintiff's claims for attorneys' fees will likely exceed $75,000.00. Here, Plaintiff seeks to recover attorney's fees in connection with his First through Fifth Causes of Action. (Tañada Decl., Exh. A, Complaint, at Complaint at ¶¶35, 47, 56, 67, 74, and Prayer for Relief ¶ 5, 6, 7, and 8.) Because plaintiffs' attorneys in

California regularly seek and obtain attorney fee awards well in excess of $75,000 for successful discrimination and hostile work environment harassment lawsuits, Plaintiff seeks more than $75,000 through his request for attorney's fees alone. *See Denenberg v. Cal. Dep't of Transp.*, 2007 WL 2827715, Case No. GIC836582 (San Diego County Sup. Ct. Sept. 14, 2006) (attorney's fee award of $490,000.00 in case alleging discrimination, harassment, and retaliation); *McMillan v. City of Los Angeles*, 2005 WL 3729094, Case No. BC298898 (Los Angeles County Sup. Ct. March 21, 2005) (attorney's fees award of $504,926.00 in case alleging discrimination among other claims). Based on Plaintiff's allegations, it would not be unreasonable to expect that attorneys' fees will exceed the sum of $75,000.00 for Plaintiff through trial. (*Id.*)

26.     Accordingly, given the amounts of the potential damages at issue as outlined above, Plaintiff's allegations satisfy the jurisdictional prerequisite for amount in controversy, as it cannot be said to a legal certainty that Plaintiff would not be entitled to recover in excess of $75,000 should he prevail. *Anthony v. Security Pacific Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386–87 (10th Cir. 1994).

27.     For these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and this action may be removed by Defendant to this Court, pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

## **CONCLUSION**

28.     Based on the foregoing, Defendant removes this action to this court pursuant to the provisions of 28 U.S.C. §§ 1332 and 1441, *et seq.* because the action is between citizens of different states and on the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

/ / /

/ / /

/ / /

/ / /

29.     WHEREFORE, Defendant respectfully removes the above action pending in the Riverside County Superior Court.

Dated: March 22, 2022                          JACKSON LEWIS P.C.


                                    By:    s/ Leila Nourani
                                           Leila Nourani
                                           Stephanie J. Tanada

                                           Attorneys for Defendants
                                           RENAL TREATMENT CENTERS –
                                           CALIFORNIA, INC.

12

## PROOF OF SERVICE

**CASE NAME:**      *PAUL BERTUMEN v. RENAL TREATMENT CENTERS*

**CASE NUMBER: 5:22-cv-505**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: 200 Spectrum Center Drive, Suite 500, Irvine, California 92618.

On February 11, 2022, I served the foregoing document described as:

**DEFENDANT RENAL TREATMENT CENTERS SCHOOL SERVICES, L.P.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 (DIVERSITY)**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

Todd M. Friedman
Meghan E. George
LAW OFFICES OF TODD M.
FRIEDMAN, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364

Attorneys for Plaintiff
Paul Bertumen

Tel:    (877) 206-4741
Fax:    (866) 633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com

**[X]   BY E-MAIL OR ELECTRONIC TRANSMISSION** - Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent from e-mail address carolina.rangel@jacksonlewis.com to the persons at the e-mail address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[X]   FEDERAL** - I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 11, 2022, at Irvine, California.

_____
Carolina Rangel

4865-3074-8694, v. 1

PROOF OF SERVICE